**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WESLEY MOYLE, JR., by and through his
natural guardian, ALICE MOYLE,

                Plaintiff,

     vs.

ELIZABETH FORWARD SCHOOL
DISTRICT, ARCADIA SERVICES, INC.,
DIANE SELTZER, PENNSYLVANIA
COACH LINES, and JOHN DOE,

                Defendants.

Civil Action No.:  2:21-cv-864

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Wesley Moyle, Jr., by and through his natural guardian, Alice Moyle, by and through his undersigned counsel, Sara J. Watkins, Esquire; D. Aaron Rihn, Esquire; Robert F. Daley, Esquire; and the law firm of Robert Peirce & Associates, P.C., and claim damages of the Defendants Elizabeth Forward School District, Arcadia Services, Inc., Diane Seltzer, Pennsylvania Coach Lines, and John Doe, and hereby files the following Complaint, and therefore avers as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and because the instant matter is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of a citizen of the United States secured by the Constitution and federal law, pursuant to 42 U.S.C. § 1983.

2.     Venue lies within this judicial district, as all of the actions complained of herein occurred within the Western District of Pennsylvania.

## PARTIES

3.    Plaintiff Wesley Moyle, Jr. (hereinafter "Plaintiff" or "Wesley") at all times relevant hereto, was a minor born on April 14, 2003. At the time of the filing of this Complaint, Plaintiff has reached the age of majority. Wesley Moyle, Jr., currently resides at 207 South 5th Street, Youngwood, Pennsylvania 15697.

4.    Plaintiff Alice Moyle is an adult individual with an address of 207 South 5th Street, Youngwood, Pennsylvania 15697.

5.    At all times relevant hereto, Plaintiff Alice Moyle was the mother and legal guardian of Wesley Moyle, Jr.

6.    At all times relevant to the facts and circumstances surrounding the instant Complaint, Wesley Moyle, Jr. was a minor child in the care and custody of the Defendants.

7.    Defendant Elizabeth Forward School District (hereinafter "Elizabeth Forward") is a public-school district, operating and organized at all times pertinent hereto under color of the state law of the Commonwealth of Pennsylvania.

8.    Elizabeth Forward School District has an address at 401 Rock Run Road, Elizabeth, Allegheny County, Pennsylvania, 15037.  Moreover, Elizabeth Forward High School is an educational institution which provides secondary education, grades nine through twelve, to students enrolled in the Elizabeth Forward School District.

9.    Defendant Arcadia Services, Inc. (hereinafter "Arcadia Services") is a national provider of supplemental home care and nurse staffing services and has been providing services in the Pittsburgh area, including Allegheny, Beaver, Butler, Washington, and Westmoreland counties for over 20 years. Arcadia Services' corporate headquarters are located at 20750 Civic Center Drive, Suite 100, Southfield, Michigan 48076.

10.     At all times relevant hereto, Elizabeth Forward has contracted with Arcadia Services to provide nursing staff in their schools, specifically in providing a nurse to care for Wesley Moyle, Jr. while at school and while traveling to and from school.

11.     Defendant Diane Seltzer (hereinafter "Seltzer") is an adult individual who at all times relevant hereto was an employee of Arcadia Services and through her contract with Elizabeth Forward, was an employee of Elizabeth Forward by extension.

12.     Pennsylvania Coach Lines is a bus rental business with an address of 415 Rebecca Street, McKeesport, Allegheny County, Pennsylvania 15132.

13.     Pennsylvania Coach Lines was responsible for busing students to and from Elizabeth Forward School District during the relevant time period.

14.     Defendant John Doe was a bus driver employed by Pennsylvania Coach Lines to bus students of Elizabeth Forward School District. The name of John Doe is not currently known by Plaintiff, but this Complaint will be amended at which time that the Plaintiff becomes aware of his name.

## STATEMENT OF FACTS

15.     All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

16.     At all times pertinent hereto, Plaintiff was a student at Elizabeth Forward High School, and was under the care, custody, protection, and control of the above-named Defendants.

17.     Plaintiff has diagnoses of autism and a severe seizure disorder.

18.     At his baseline, Plaintiff typically has anywhere between 5 and 25 seizures in a day. On a good day, Plaintiff will have less than 5 seizures.

19.     For this reason, Plaintiff is always to be accompanied by a nurse while at school and while traveling to and from school on the school bus.

20.     At all times relevant hereto, Elizabeth Forward provided a nurse, through Arcadia Services by the name of Diane Seltzer to care for Plaintiff while at school and while traveling to and from school on the bus.

21.     Seltzer was employed to care for Plaintiff while he was at school and was to attend to any of his physical needs, including but not limited to helping Plaintiff eat, change his diapers, give him his medications, and care for him when he had seizures.

22.     On December 13, 2018, an incident occurred while Plaintiff was eating lunch. As shown by the video evidence of the incident, Seltzer began eating Plaintiff's lunch and drinking from his drink. This caused Plaintiff great duress which led him to spit at Seltzer. In response, Seltzer struck Plaintiff on the right side of his body.

23.     Seltzer then proceeded to pick up the chair Plaintiff was sitting on and slam it repeatedly against the cafeteria floor.

24.     Following Seltzer's abuse, she took Plaintiff's food and threw it away in the trash, leaving him without lunch for the day.

25.     The day after the incident, on December 14, 2018, Wesley's mother and legal guardian, Alice Moyle, watched a video recording of the incident in the presence of the Elizabeth Forward High School Assistant Principal, Heather Hibner.

26.     Elizabeth Township Police were contacted following the incident and Officer Chris McBride took a report, which was sent to Child Line.

27.     A child abuse investigation was additionally started under Detective Peck with the Allegheny County Police.

28.    It became apparent in January of 2019 that a second incident with Seltzer had happened sometime earlier. In January of 2019, Plaintiff's diaper was being changed by another nurse in the bathroom at school.

29.    Plaintiff reported to the nurse that Seltzer hit him while she was changing him. The nurse then made a formal report with Elizabeth Township Police, specifically to Officer McBride and other school officials, who forwarded the report to Child Line.

30.    In February of 2019, a third incident occurred while Plaintiff was a student of Elizabeth Forward during his ride bus on the bus. The bus was owned and operated by Pennsylvania Coach Lines, who employed the driver of the school bus.

31.    Plaintiff was sitting behind the bus driver, John Doe, and Plaintiff lightly stroked the bus driver's hair.

32.    The bus driver, John Doe, responded by striking Plaintiff on his left forearm, driving over the yellow line, while stating, "I will put the bus in a ditch, and I'll kill you all."

33.    Nurse Joanne[1], the nurse riding the bus with Plaintiff at the time, provided information regarding the incident to Elizabeth Township Police. The information was then provided to Detective Peck for his child abuse investigation.

34.    On February 25, 2019, Plaintiff was taken to Lawrenceville Behavioral Health, where a forensic interview was conducted into the incidents of abuse that occurred at Elizabeth Forward. Following the interview, Plaintiff was sent to Children's Hospital for a physical examination.

---

[1] The last name of the nurse is currently unknown, but Plaintiff expects the nurse's name will become available through reasonable discovery.

35.     Following these multiple incidents, Elizabeth Forward ceased providing a nurse to ride the bus to and from school with Plaintiff. As a result, Plaintiff's parents had to drive him to and from school.

36.     However, due to the stress and mental anguish Plaintiff sustained as a results of the incidents as pled herein, Plaintiff and his family decided to move. As a result, Plaintiff was unable to attend school for approximately one year before starting school in a new school district.

37.     Defendant Arcadia Services, Inc., Defendant Diane Seltzer, Defendant Pennsylvania Coach Line, Defendant Elizabeth Forward School District, and John Doe, as well as their agents and/or employees, had a duty to ensure that all teachers and/or administrators educating and/or advising within the school district were competent, ethical, and acting in the best interests of their students and their education.

38.     At all times material hereto, all aforementioned Defendants, as well as their agents and/or employees, owed a duty not to violate the federally protected legal rights of any student, including, but not limited to, the Plaintiff.

39.     All of the above-named Defendants, as well as their agents and/or employees, owed a duty to protect students, such as Plaintiff, against the harm and abuse he suffered while enrolled at Elizabeth Forward High School.

40.     All of the above-named Defendants, as well as their agents and/or employees, had a duty to formulate, adopt, and enforce adequate rules and policies to ensure that students, such as Plaintiff, would be provided with an education that was not sabotaged by the unethical, unprofessional, and disingenuous acts of their teachers, nurses, and administration.

## CAUSES OF ACTION

### COUNT I:

**PLAINTIFF v. DEFENDANTS ELIZABETH FORWARD SCHOOL DISTRICT AND DIANE SELTZER**

**VIOLATIONS OF THE UNITED STATES CONSTITUTION
UNDER THE FOURTEENTH AMENDMENT—DUE PROCESS CLAUSE FOR INJURY
TO HUMAN DIGNITY ENFORCEABLE VIA 42 U.S.C. § 1983**

41.     All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

42.     Section 1983 provides that: "every person who, under color of [law] of any State. . . subjects, or causes to be subjected, any [person] to the deprivation of any rights. . . secured by the Constitution and laws, shall be liable to the party injured in an action at law. . ." 42 U.S.C. § 1983.

43.     Actions against state officials seeking redress for violations of constitutional rights may be brought under 42 U.S.C. § 1983.

44.     Wesley Moyle, Jr. is "person[]" within the meaning of 42 U.S.C. § 1983.

45.     Elizabeth Forward was acting, via its employees and/or agents, including Diane Seltzer, in its capacity as a public school and/or educational facility and was therefore acting under the color of state law. Its actions and inactions caused the Plaintiff's constitutional deprivations which are enforceable pursuant to 42 U.S.C. § 1983.

46.     For purposes of this count, Defendant Seltzer is a state actor, in that she was hired by a public school of the Commonwealth, and acting through the Commonwealth, to provide nursing and support care to students of the Commonwealth, and, as such, was acting under the color of state law. Her actions and inactions violated Plaintiff's civil rights, which is enforceable through 42 U.S.C. § 1983.

47.    The actions of Defendants Elizabeth Forward and Diane Seltzer as detailed above violated Plaintiff's rights under the United States Constitution.

48.    Specifically, at all times relevant hereto, Plaintiff possessed both substantive and procedural due process rights including, but not limited to, a liberty interest in his dignity as a human being.

49.    It was not objectively reasonable for Defendant Seltzer to physically and emotionally abuse Plaintiff while he was attending school.

50.    Further, it was not objectively reasonable for Defendant Elizabeth Forward to ignore the serious and traumatic abuse Plaintiff was subjected to at the hands of its employee, Nurse Diane Seltzer, while her behavior was clearly hazardous to his health, safety, and welfare.

51.    Defendants Elizabeth Forward and Diane Seltzer's actions and inactions demonstrate an adopted practice, custom, or policy of being deliberately indifferent to Plaintiff's overall health, safety, and welfare.

52.    Defendants Elizabeth Forward and Diane Seltzer intentionally disregarded Plaintiff's obvious vulnerable state, and then deprived Plaintiff of his constitutional rights as detailed above which has caused prolonged pain and suffering and interrupted Plaintiff's right to an education.

53.    Defendants Elizabeth Forward and Diane Seltzer were deliberately indifferent to the Plaintiff, due to the fact that they knew that Plaintiff faced a substantial risk of serious harm and they failed to take reasonable steps to avoid the harm.

54.    Defendants Elizabeth Forward and Diane Seltzer are directly responsible for this constitutional violation. Upon information and belief, the Defendant Elizabeth Forward, through either express actions and/or inactions of its employees and/or agents, such as Defendant Diane

Seltzer, had a policy, practice, and/or custom of being recklessly indifferent to the rights, health, and safety of vulnerable students including, but not limited to, Plaintiff.

55.     This adopted policy, practice, and/or custom is demonstrated by the fact that Plaintiff was subjected to multiple, traumatic incidents of abuse and neglect at the hands of those who were supposed to care for and protect him at Elizabeth Forward, only for those employees and/or agents to continue working at the school, even after the abuse was caught on camera and reported to the authorities.

56.     As a direct and proximate result of the Defendants Elizabeth Forward and Diane Seltzer's unconstitutional acts described above, Plaintiff sustained injuries to his human dignity as described herein.

## COUNT II

### PLAINTIFF v. DEFENDANTS ELIZABETH FORWARD SCHOOL DISTRICT AND DIANE SELTZER

### VIOLATIONS OF THE UNITED STATES CONSTITUTION UNDER THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE FOR INJURY TO BODILY INTEGRITY ENFORCEABLE VIA 42 U.S.C. § 1983

57.     All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

58.     Section 1983 provides that: "every person who, under color of [law] of any State. . . subjects, or causes to be subjected, any [person] to the deprivation of any rights. . . secured by the Constitution and laws, shall be liable to the party injured in an action at law. . ." 42 U.S.C. § 1983.

59.     Actions against state officials seeking redress for violations of constitutional rights may be brought under 42 U.S.C. § 1983.

60.     Wesley Moyle, Jr. is "person[]" within the meaning of 42 U.S.C. § 1983.

61.     Elizabeth Forward was acting, via its employees and/or agents, including Diane Seltzer, in its capacity as a public school and/or educational facility and was therefore acting under the color of state law. Its actions and inactions caused the Plaintiff's constitutional deprivations which are enforceable pursuant to 42 U.S.C. § 1983.

62.     For purposes of this count, Defendant Seltzer is a state actor, in that she was hired by a public school of the Commonwealth, and acting through the Commonwealth, to provide nursing and support care to students of the Commonwealth, and, as such, was acting under the color of state law. Her actions and inactions violated Plaintiff's civil rights, which is enforceable through 42 U.S.C. § 1983.

63.     The actions of Defendants Elizabeth Forward and Diane Seltzer as detailed above violated Plaintiff's rights under the United States Constitution.

64.     More specifically, at all times relevant hereto, Plaintiff possessed both substantive and procedural due process rights including, but not limited to, a liberty interest in his bodily integrity.

65.     It was not objectively reasonable for Defendant Diane Seltzer to physically and emotionally abuse Plaintiff while he was attending school.

66.     Further, it was not objectively reasonable for Defendant Elizabeth Forward to ignore the serious and traumatic abuse Plaintiff was subjected to at the hands of its employee and/or agent, Nurse Diane Seltzer, while her behavior was clearly hazardous to his health, safety, and welfare.

67.     Defendants Elizabeth Forward and Diane Seltzer's actions demonstrated an adopted policy, practice, and/or custom in being deliberately indifferent to Plaintiff's overall health, safety, and welfare.

68.     Defendants Elizabeth Forward and Diane Seltzer intentionally disregarded Plaintiff's obvious vulnerable state and then deprived him of his constitutional rights, as detailed above, which has caused prolonged injury and additional pain and suffering.

69.     Defendants Elizabeth Forward and Diane Seltzer were deliberately indifferent to Plaintiff, in that they knew that he faced a substantial risk of serious harm and failed to take reasonable steps to avoid the harm.

70.     Defendants Elizabeth Forward and Diane Seltzer are directly responsible for this constitutional violation. Upon information and belief, Defendant Elizabeth Forward, through either express actions and/or inactions of its employees and/or agents, such as Defendant Diane Seltzer, had a policy and/or practice of being recklessly indifferent to the rights, health, and safety of vulnerable students including, but not limited to, Plaintiff.

71.      This adopted policy, practice, and/or custom is demonstrated by the fact that Plaintiff was subjected to multiple traumatic incidents of abuse and neglect at the hands of those who were supposed to care for and protect him at Elizabeth Forward, only for those employees to continue working at the school, even after the abuse was caught on camera and reported to the authorities.

72.     As a direct and proximate result of the Defendant's unconstitutional acts described above, Plaintiff sustained injuries as described and averred herein.

## COUNT III

**PLAINTIFF v. DEFENDANTS ELIZABETH FORWARD SCHOOL DISTRICT AND DIANE SELTZER**

**VIOLATIONS OF THE UNITED STATES CONSTITUTION UNDER THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE FOR INJURY AS A RESULT OF A STATE CREATED DANGER/SPECIAL RELATIONSHIP ENFORCEABLE VIA 42 U.S.C. § 1983**

73.     All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

74.     Section 1983 provides that: "every person who, under color of [law] of any State. . . subjects, or causes to be subjected, any [person] to the deprivation of any rights. . . secured by the Constitution and laws, shall be liable to the party injured in an action at law. . ." 42 U.S.C. § 1983.

75.     Actions against state officials seeking redress for violations of constitutional rights may be brought under 42 U.S.C. § 1983.

76.     Wesley Moyle, Jr. is "person[]" within the meaning of 42 U.S.C. § 1983.

77.     Defendant Elizabeth Forward was acting, via its employees and/or agents, including Nurse Diane Seltzer, in its capacity as a public school and/or educational facility and was therefore acting under the color of state law. Its actions and inactions caused the Plaintiff's constitutional deprivations which are enforceable pursuant to 42 U.S.C. § 1983.

78.     For purposes of this count, Defendant Seltzer is a state actor, in that she was hired by a public school of the Commonwealth, and acting through the Commonwealth, to provide nursing and support care to students of the Commonwealth, and, as such, was acting under the color of state law. Her actions and inactions violated Plaintiff's civil rights, which is enforceable through 42 U.S.C. § 1983.

79.     The actions of Defendants Elizabeth Forward and Diane Seltzer as detailed above violated Plaintiff's rights under the United States Constitution.

80.     More specifically, at all times relevant hereto, Plaintiff possessed both substantive and procedural due process rights to be free from state occasioned and/or created dangers which caused harm to his bodily integrity and human dignity, protected by the United States Constitution.

81.     It was not objectively reasonable for Defendant Diane Seltzer to physically and emotionally abuse Plaintiff while he was attending school.

82.     Further, it was not objectively reasonable for Defendant Elizabeth Forward to ignore the serious and traumatic abuse Plaintiff was subjected to at the hands of its employee and/or agent, Nurse Diane Seltzer, while her behavior was clearly hazardous to his health, safety, and welfare.

83.     Such actions and/or inactions exhibited by Defendants Elizabeth Forward and Diane Seltzer would shock the conscience of a reasonable person under like circumstances.

84.     Moreover, it was evident that by allowing Plaintiff to remain under the care and supervision of Diane Seltzer, the Plaintiff was a foreseeable victim of Defendant Seltzer's actions and/or inactions.

85.     Plaintiff was an obvious member of a class subjected to the harm brought about by the State's actions and/or inactions.

86.     By way of Defendants Elizabeth Forward and Diane Seltzer's actions and/or inactions, said Defendants utilized their positions of authority and power to create a danger to Plaintiff, and/or placed Plaintiff in a more vulnerable manner to the known risk of harm.

87.     Defendants Elizabeth Forward and Diane Seltzer's actions and/or inactions demonstrated an adopted practice, custom, or policy of being deliberately indifferent to Plaintiff's overall health, safety, and welfare.

88.     This adopted practice, custom, or policy is demonstrated by the fact that Plaintiff was subjected to multiple, traumatic incidents of abuse and neglect at the hands of those who were supposed to care for and protect him at Elizabeth Forward, only for those employees to continue working at the school, even after the abuse was caught on camera and reported to the authorities.

89.     As a direct and proximate result of the Defendants' unconstitutional acts described above, Plaintiff sustained injuries as described and averred herein.

## COUNT IV

## PLAINTIFF v. DEFENDANTS ELIZABETH FORWARD SCHOOL DISTRICT AND DIANE SELTZER

## VIOLATIONS OF THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA UNDER ARTICLE I, SECTION I
## FOR INJURY TO PROPERTY INTERESTS – RIGHT TO AN EDUCATION

90.     All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

91.     The actions and/or inactions of Defendants Elizabeth Forward School District and Diane Seltzer, as detailed above, violated Plaintiff's rights under the Constitution of the Commonwealth of Pennsylvania.

92.     Defendant Elizabeth Forward was acting by and through its employees and/or agents at all times pertinent hereto, including but not limited to, Defendant Seltzer. Defendant Elizabeth Forward's employees and/or agents were acting within their official capacity as teachers, counselors, nurses, and/or administrators in the Elizabeth Forward School District.

93.    Defendants Elizabeth Forward and Diane Seltzer were responsible for providing Plaintiff with a free and appropriate education.

94.    Additionally, Defendants Elizabeth Forward and Diane Seltzer were responsible for the administration and implementation of the District's curriculum to its students, including, but not limited to, Plaintiff.

95.    It was not objectively reasonable for Defendant Elizabeth Forward to ignore Plaintiff's serious and traumatic abuse by failing to provide necessary accommodations to him, including, but not limited to, not firing Diane Seltzer, not finding him alternative nursing services so he could properly attend school, and not ensuring that he was safe from physical abuse while attending school and while traveling to and from school.

96.    Further, it was not objectively reasonable for Defendant Diane Seltzer to physically and emotionally abuse Plaintiff and thereby failing to provide necessary nursing and service accommodations at school.

97.    Under Article I, Section I of the Constitution of the Commonwealth of Pennsylvania, "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possession and protecting property and reputation, and of pursuing their own happiness."[2]

98.    Additionally, by way of Article III, Section XIV of the Constitution of the Commonwealth of Pennsylvania, "The General Assembly shall provide for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth."[3]

---

[2] Pa. Const., art. I, § 1.
[3] Pa. Const., art. III § 14.

99.     By establishing and maintaining a public school system, which students are required to attend, Article III, Section XIV thereby extended a right to an education to students including, but not limited to, Plaintiff.

100.     Accordingly, Plaintiff possessed a property interest in his education.

101.     Defendants Elizabeth Forward and Diane Seltzer's willful disregard of Plaintiff's condition and abuse, deprived him of this property interest guaranteed by the Constitution of the Commonwealth of Pennsylvania, Article I, Section I.

102.     As a direct and proximate result of the Defendant's unconstitutional acts described above, Plaintiff sustained injuries as described and averred herein.

## COUNT V

### PLAINTIFF v. DEFENDANTS ELIZABETH FORWARD SCHOOL DISTRICT AND DIANE SELTZER

### VIOLATIONS OF THE UNITED STATES CONSTITUTION UNDER THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE/DEPRIVATION OF PROPERTY INTERESTS BY FAILING TO PROVIDE <u>AN EDUCATION ENFORCEABLE VIA 42 U.S.C. § 1983</u>

103.     All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

104.     Section 1983 provides that: "every person who, under color of [law] of any State. . . subjects, or causes to be subjected, any [person] to the deprivation of any rights. . . secured by the Constitution and laws, shall be liable to the party injured in an action at law. . ." 42 U.S.C. § 1983.

105.     Actions against state officials seeking redress for violations of constitutional rights may be brought under 42 U.S.C. § 1983.

106.     Wesley Moyle, Jr. is "person[]" within the meaning of 42 U.S.C. § 1983.

107.    Defendant Elizabeth Forward was acting, via its employees and/or agents, including Nurse Diane Seltzer, in its capacity as a public school and/or educational facility and was therefore acting under the color of state law. Its actions and inactions caused the Plaintiff's constitutional deprivations which are enforceable pursuant to 42 U.S.C. § 1983.

108.    For purposes of this count, Defendant Seltzer is a state actor, in that she was hired by a public school of the Commonwealth, and acting through the Commonwealth, to provide nursing and support care to students of the Commonwealth, and, as such, was acting under the color of state law. Her actions and inactions violated Plaintiff's civil rights, which is enforceable through 42 U.S.C. § 1983.

109.    The actions and/or inactions of Defendants Elizabeth Forward School District and Diane Seltzer, as detailed above, violated Plaintiff's rights under the Constitution of the United States of America.

110.    At all times pertinent hereto, Defendant Elizabeth Forward was acting by and through its employees and/or agents and said employees and/or agents were acting within their official capacity as teachers, counselors, nurses, and/or administrators within the Elizabeth Forward School District.

111.    Defendant Elizabeth Forward was responsible for providing Plaintiff with a free and appropriate education.

112.    As Defendant Elizabeth Forward's agent and Plaintiff's nurse while Plaintiff attended school, Defendant Diane Seltzer was responsible for providing Plaintiff with nursing and service care to Plaintiff so that he could enjoy his right to a free and appropriate education.

113.    Additionally, Defendants Elizabeth Forward and Diane Seltzer were responsible for the administration and implementation of the District's curriculum to its students, including, but not limited to, Plaintiff.

114.    It was not objectively reasonable for the aforesaid Defendants to ignore Plaintiff's serious and traumatic abuse by failing to provide necessary accommodations to him, including, but not limited to, not firing Diane Seltzer, not finding him alternative nursing services so he could properly attend school, and not ensuring that he was safe from physical abuse while attending school and while traveling to and from school.

115.    Further, it was not objectively reasonable for Defendant Diane Seltzer to physically and emotionally abuse Plaintiff and thereby failing to provide necessary nursing and service accommodations at school.

116.    Under the Fourteenth Amendment of the Constitution of the United States of America, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."[4]

117.    By way of Amendment Fourteen of the Constitution of the United States of America, as well as Article III, Section XIV of the Constitution of the Commonwealth of Pennsylvania as set forth previously, Plaintiff possessed a property interest in his education.

---

[4] U.S. Const. amend. XIV, sec. 1.

118.     Defendants Elizabeth Forward and Diane Seltzer's willful disregard of Plaintiff's condition deprived him of this property interest guaranteed by Fourteenth Amendment of the Constitution of the United States of America without due process of law.

119.     Moreover, Defendants Elizabeth Forward and Diane Seltzer's actions and/or inactions demonstrated an adopted practice, custom, or policy in being deliberately indifferent to Plaintiff's overall health, safety, and welfare.

120.     As a direct and proximate result of the Defendants' unconstitutional acts described above, Plaintiff sustained injuries as described and averred herein.

## COUNT VI

### PLAINTIFF v. DEFENDANTS ELIZABETH FORWARD SCHOOL DISTRICT AND DIANE SELTZER

### VIOLATIONS OF 29 U.S.C. § 794 AND U.S.C. § 12132 et seq., THE REHABILATION ACT AND THE AMERICANS WITH DISABILITIES ACT

121.     All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

122.     Section 1983 provides that: "every person who, under color of [law] of any State. . . subjects, or causes to be subjected, any [person] to the deprivation of any rights. . . secured by the Constitution and laws, shall be liable to the party injured in an action at law. . ." 42 U.S.C. § 1983.

123.     Actions against state officials seeking redress for violations of constitutional rights may be brought under 42 U.S.C. § 1983.

124.     Wesley Moyle, Jr. is "person[]" within the meaning of 42 U.S.C. § 1983.

125.     Defendant Elizabeth Forward was acting, via its employees and/or agents, including Nurse Diane Seltzer, in its capacity as a public school and/or educational facility and

was therefore acting under the color of state law. Its actions and inactions caused the Plaintiff's constitutional deprivations which are enforceable pursuant to 42 U.S.C. § 1983.

126.    For purposes of this count, Defendant Seltzer is a state actor, in that she was hired by a public school of the Commonwealth, and acting through the Commonwealth, to provide nursing and support care to students of the Commonwealth, and, as such, was acting under the color of state law. Her actions and inactions violated Plaintiff's civil rights, which is enforceable through 42 U.S.C. § 1983.

127.    Title II of the Americans with Disabilities Act prohibits any local government or department thereof from denying the benefits of their services or discriminating against any person with a disability.

128.    At all times pertinent hereto, Defendant Elizabeth Forward was a local governmental entity within the purview of the Americans with Disabilities Act and was a recipient of "federal financial assistance" as established in the Rehabilitation Act.

129.    Through the Rehabilitation Act and Title II of The Americans with Disabilities Act, school districts, such as Elizabeth Forward, are required to provide students with disabilities, including Plaintiff., with a free and appropriate public education.

130.    Defendant Elizabeth Forward, by and through its agents, employees, and servants, including, but not limited to, Defendant Seltzer and Defendant Doe, violated Plaintiff's federally guaranteed right to be free from discrimination on the basis of disability by failing to make reasonable accommodations, and by failing to train and/or educate its agents, employees and servants on the needs of students with disabilities such as Plaintiff.

131.    Moreover, Elizabeth Forward failed to implement policies, practices, and procedures to accommodate the needs of students with disabilities, such as Plaintiff.

132.    Such actions and/or inactions by Elizabeth Forward were tantamount to intentional discrimination of Plaintiff based upon his disability.

133.    Plaintiff did not receive a free and appropriate public education as guaranteed by the Americans with Disabilities Act.

134.    As a direct and proximate result of the acts of the Defendants described above, Plaintiff sustained injuries as described and averred herein.

### COUNT VII

### PLAINTIFF v. DEFENDANT ELIZABETH FORWARD SCHOOL DISTRICT AND DIANE SELTZER

### VIOLATIONS OF THE UNITED STATES
### CONSTITUTION UNDER FOURTEENTH AMENDMENT
### EQUAL PROTECTION CLAUSE ENFORCEABLE VIA 42 U.S.C. § 1983

135.    All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

136.    Section 1983 provides that: "every person who, under color of [law] of any State. . . subjects, or causes to be subjected, any [person] to the deprivation of any rights. . . secured by the Constitution and laws, shall be liable to the party injured in an action at law. . ." 42 U.S.C. § 1983.

137.    Actions against state officials seeking redress for violations of constitutional rights may be brought under 42 U.S.C. § 1983.

138.    Wesley Moyle, Jr. is "person[]" within the meaning of 42 U.S.C. § 1983.

139.    Defendant Elizabeth Forward was acting, via its employees and/or agents, including Nurse Diane Seltzer, in its capacity as a public school and/or educational facility and

was therefore acting under the color of state law. Its actions and inactions caused the Plaintiff's constitutional deprivations which are enforceable pursuant to 42 U.S.C. § 1983.

140.    For purposes of this count, Defendant Seltzer is a state actor, in that she was hired by a public school of the Commonwealth, and acting through the Commonwealth, to provide nursing and support care to students of the Commonwealth, and, as such, was acting under the color of state law. Her actions and inactions violated Plaintiff's civil rights, which is enforceable through 42 U.S.C. § 1983.

141.    The actions and/or inactions of Defendants Elizabeth Forward School District and Diane Seltzer, as detailed above, violated Plaintiff's rights under the Fourteenth Amendment of the Constitution of the United States.

142.    For the purposes of the Fourteenth Amendment of the Constitution of the United States of America, Plaintiff was a member of a protected class in that he was disabled and/or should have been regarded as disabled by the Defendants Elizabeth Forward and Diane Seltzer.

143.    The aforementioned actions of Defendants Elizabeth Forward and Diane Seltzer resulted in treatment of Plaintiff which was differential to the treatment of similarly situated students.

144.    At all times pertinent hereto, the Defendants' conduct was both intentional and arbitrary and to the detriment of Plaintiff.

145.    There was no rational basis for the Defendants' differential treatment of Plaintiff.

146.    Moreover, this differential treatment demonstrated the Defendants' adopted policy, practice, and/or custom of being deliberately indifferent to Plaintiff's overall health, safety, and welfare.

147.   This adopted policy, practice, and/or custom by the Defendants constituted a violation of the rights and privileges afforded to Plaintiff by the Fourteenth Amendment of the United States Constitution, and further denied Plaintiff equal protection under the law.

148.   As a direct and proximate result of the Defendants' unconstitutional acts described above, Plaintiff sustained injuries as described and averred herein.

## COUNT VIII

## PLAINTIFF v. DEFENDANT DIANE SELTZER

## NEGLIGENCE

149.   All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

150.   Defendant Seltzer had both a common law and contractual duty to act with reasonable and due care in her role as a nurse to a student at Elizabeth Forward and in particular had both a common law and contractual duty to act with reasonable and due care with regard to Plaintiff, who she was assigned to at the school.

151.   The severe and grievous injuries sustained by the Plaintiff, as detailed above, were caused by breach of Diane Seltzer to act with reasonable and due care and caused by the careless and negligent conduct of Defendant Seltzer, in some or all of the following particulars:

  a.  In failing to protect Plaintiff from injury, as pled herein;

  b.  In not properly tending to Plaintiff's physical and emotional needs, as pled herein;

  c.  In striking him in the cafeteria, as pled herein;

  d.  In eating his lunch and drinking his beverage, as pled herein;

    e.      In throwing away his food in the cafeteria, leaving him without a lunch, as pled herein;

    f.      In hitting him while she was changing his diaper, as pled herein; and,

    g.      In failing to notify Plaintiff's family of the aforementioned instances, as pled herein.

152.    As a result of these instances and Defendant Seltzer's breach of care, Plaintiff suffered, and continues to suffer, great emotional duress.

153.    The actions described above caused the injuries sustained by Plaintiff and would not have happed but for the negligent conduct of Defendant Seltzer, in that:

    a.      The injuries suffered by Plaintiff, Wesley Moyle, Jr., would not have normally occurred without Defendant Seltzer's negligent acts; and,

    b.      The injuries suffered by Plaintiff, Wesley Moyle, Jr., did not result from any voluntary action or contribution of the part of Wesley Moyle, Jr.

154.    As a result of the previously-described negligent conduct of Defendant Seltzer, the Plaintiff seeks damages for the following:

    a.      Plaintiff's pain, suffering, anxiety, annoyance, humiliation, inconvenience, and loss of enjoyment of life related to the injuries he suffered;

    b.      Hospital, medical, and nursing expenses incurred; and,

    c.      Other losses and damages permitted by law.

155.    As a direct and proximate result of the Defendant Diane Seltzer's unconstitutional acts described above, Plaintiff sustained injuries as described and averred herein.

## COUNT IX

## PLAINTIFF v. DEFENDANT DIANE SELTZER

## <u>ASSAULT</u>

156.    All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

157.    At all times material and relevant hereto, Plaintiff, Wesley Moyle, Jr., was a student at Elizabeth Forward High School.

158.    At all times material and relevant hereto, Defendant Diane Seltzer was Plaintiff's nurse while he was attending school.

159.    During two instances, Defendant Seltzer struck and/or hit Plaintiff during the school day with the intent to cause harmful and/or offensive contact with Plaintiff's person, as pled herein.

160.    Defendant Seltzer's conduct created a reasonable belief that Plaintiff would suffer a harmful and/or offensive contact.

161.    Plaintiff did not consent to Defendant Seltzer's aggressive contact.

162.    Plaintiff was physically and mentally harmed by Defendant Seltzer's conduct.

163.    As a direct and proximate result of Defendant Seltzer's harmful and/or offensive contact, Plaintiff suffered injuries.

## COUNT X

## PLAINTIFF v. DEFENDANT JOHN DOE

## ASSAULT

164.    All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

165.    At all times material and relevant hereto, Plaintiff Wesley Moyle, Jr. was a student at Elizabeth Forward High School.

166.    At all times material and relevant hereto, Defendant John Doe was a bus driver employed by Pennsylvania Coach Lines to bus students of Elizabeth Forward.

167.    At all times material and relevant hereto, Defendant John Doe was Plaintiff's bus driver to and from school.

168.    During one instance, Defendant Doe struck and/or hit Plaintiff during Plaintiff's bus drive home with the intent to cause harmful and/or offensive contact with Plaintiff's person, as pled herein. In addition to the harmful and/or offensive contact, Defendant Doe also threatened to wreck the school bus.

169.    Defendant Doe's conduct created a reasonable belief that Plaintiff would suffer a harmful and/or offensive contact.

170.    Plaintiff did not consent to Defendant Doe's aggressive contact.

171.    Plaintiff was physically and mentally harmed by Defendant Doe's conduct.

172.    As a direct and proximate result of Defendant Doe's harmful and/or offensive contact, Plaintiff suffered injuries.

## COUNT XI

## PLAINTIFF v. DEFENDANT PENNSYLVANIA COACH LINES

## <u>ASSAULT</u>

173.    All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

174.    Defendant Pennsylvania Coach Lines had a duty to supervise Defendant John Doe when he was dealing with students and students with special needs, such as Plaintiff. Specifically, Pennsylvania Coach Lines had a duty to the Plaintiff to supervise its employee, John Doe, to ensure the safety of students and students with special needs, such as Plaintiff, from the injuries that its employee, John Doe, committed as pled herein.

175.    Defendant Pennsylvania Coach Lines negligently, recklessly, and/or intentionally breached its duty owed to Plaintiff by:

      a.     Failing to have two adult supervisors on the bus when Pennsylvania Coach Lines knew that the bus driver would have to supervise special needs students in addition to his driving duties;

      b.     Failing to have video surveillance on the bus;

      c.     Failing to conduct adequate periodic performance reviews on Defendant John Doe;

      d.     Failing to periodically conduct adequate background checks on Defendant John Doe;

      e.     Failing to determine that Defendant John Doe was unfit to supervise and transport students and students with special needs;

      f.     Failing to have a supervisor periodically ride on the bus to evaluate Defendant John Doe;

      g.     Failing to properly investigate Defendant John Doe's personal activities and remove John Doe as a bus driver, despite the fact they

knew, or should have known, that John Doe had a history of violence and/or temper issues, as pled herein; and,

h.   Failing to investigate the incident that occurred in February of 2019 wherein Defendant John Doe struck Plaintiff and threatened to wreck the bus, as pled herein.

176.   The assault of this minor and special needs Plaintiff, and the injuries and damages resulting therefrom, were caused by the intentionally reckless, careless, and negligent conduct of the Defendant Pennsylvania Coach Lines in some or all of the following particulars:

a.   Defendant Pennsylvania Coach Lines knew, or through the exercise of reasonable care, should have known that Defendant John Doe was unfit to be entrusted with students and students with special needs, the very task that he was hired to do;

b.   By retaining an incompetent, unfit, dangerous, and unqualified employee;

c.   By failing to prevent physical assaults;

d.   By failing to warn the Plaintiff of Defendant John Doe's dangerous propensities;

e.   By failing to exercise a special duty of care to people such as the Plaintiff because it knew, or through the exercise of reasonable care, should have been aware of John Doe's violent propensities and/or temper issues towards minors and special needs minors;

f.   By failing to exercise a degree of care and caution required under the circumstances; and,

g.   By failing to periodically analyze John Doe as a bus driver.

177.   As a direct and proximate result of the negligent, reckless, and intentional acts of Defendant Pennsylvania Coach Lines as hereinabove set forth, the minor and special needs Plaintiff was touched in a harmful and/or offensive manner and threatened, whereby the Plaintiff suffered anxiety, depression, inability to focus, and extreme emotional distress, all of which injuries are, or may be, serious and permanent.

178.    As a direct and proximate result of the negligent, reckless and intentional acts of the Defendant Pennsylvania Coach Lines as hereinabove set forth, the minor and special needs Plaintiff has in the past experienced and endured, and may for an indefinite period of time into the future experience and endure, pain, suffering, inconvenience, irritation, annoyance, freight, shock, worry, humiliation, anxiety, and other forms of distress, loss of the ability to engage in his usual activities, the loss of the enjoyment of his daily pleasures of life, and the impairment of his general health, strength and vitality.

## COUNT XII

## PLAINTIFF v. DEFENDANT ARCADIA SERVICES, INC.

## <u>ASSAULT</u>

179.    All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

180.    Defendant Arcadia Services, Inc. had a duty to supervise Defendant Diane Seltzer when she was providing nursing services, both physical and emotional, to students with special needs, such as Plaintiff. Specifically, Arcadia Services owed a duty to the Plaintiff to supervise its employee, Defendant Seltzer, to ensure the safety of students with special needs, such as Plaintiff, from the injuries that its employee, Defendant Seltzer, committed as pled herein.

181.    Defendant Arcadia Services negligently, recklessly, and/or intentionally breached its duty owed to Plaintiff by:

    a.    Failing to hire competent nurses, as pled herein;

    b.    Failing to conduct background checks on its employees;

    c.    Failing to ensure the safety and well-being of the students that it provided nurses for;

d.   Failing to fire Defendant Seltzer after her first assault committed upon Plaintiff;

e.   Failing to do a proper investigation into the two assaults committed by Defendant Seltzer;

f.   Failing to conduct adequate periodic performance reviews on Defendant Seltzer;

g.   Failing to periodically conduct adequate background checks on Defendant Seltzer;

h.   Failing to determine that Defendant Seltzer was unfit to provide nursing services to students with physical and emotional needs, such a Plaintiff; and,

i.   Failing to have a supervisor periodically check in on Defendant Seltzer as she was providing nursing services to students with special needs, such as Plaintiff.

182.   The assault of this minor and special needs Plaintiff, and the injuries and damages resulting therefrom, were caused by the intentionally reckless, careless, and negligent conduct of the Defendant Arcadia Services in some or all of the following particulars:

a.   Defendant Arcadia Services knew, or through the exercise of reasonable care, should have known that Defendant Seltzer was unfit to provide nursing services to students with special physical and emotional needs, the very task that she was hired to do;

b.   By retaining an incompetent, unfit, dangerous, and unqualified employee;

c.   By failing to prevent physical assaults;

d.   By failing to warn the Plaintiff of Defendant Seltzer's dangerous propensities;

e.   By failing to exercise a special duty of care to people such as the Plaintiff because it knew, or through the exercise of reasonable care, should have been aware of Defendant Seltzer's violent propensities and/or temper issues towards minors and special needs minors;

f.   By failing to exercise a degree of care and caution required under the circumstances; and,

30

g.   By failing to periodically analyze Defendant Seltzer as a nurse for school students.

183.   As a direct and proximate result of the negligent, reckless, and intentional acts of Defendant Arcadia Services as hereinabove set forth, the minor and special needs Plaintiff was touched in a harmful and/or offensive manner and threatened, whereby the Plaintiff suffered anxiety, depression, inability to focus, and extreme emotional distress, all of which injuries are, or may be, serious and permanent.

184.   As a direct and proximate result of the negligent, reckless and intentional acts of the Defendant Arcadia Services as hereinabove set forth, the minor and special needs Plaintiff has in the past experienced and endured, and may for an indefinite period of time into the future experience and endure pain, suffering, inconvenience, irritation, annoyance, freight, shock, worry, humiliation, anxiety, and other forms of distress, loss of the ability to engage in his usual activities, the loss of the enjoyment of his daily pleasures of life, and the impairment of his general health, strength, and vitality.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Wesley Moyle, Jr., claims damages of Defendants Elizabeth Forward School District, Arcadia Services, Inc., Pennsylvania Coach Lines, Diane Seltzer, and John Doe, and demands compensatory damages from the Defendants in an amount in excess of $75,000, together with interest, costs of suit, and any other relief this Honorable Court deems appropriate to recover for which this suit is filed.

**A JURY TRIAL IS DEMANDED.**

Dated: July 6, 2021                         Respectfully submitted,

                                            By:*/s/ Sara J. Watkins*
                                                SARA J. WATKINS, ESQUIRE
                                                PA I.D. No. 325770
                                                D. AARON RIHN, ESQUIRE
                                                PA I.D. No.: 85752
                                                ROBERT F. DALEY, ESQUIRE
                                                PA I.D. No.: 81992
                                                ROBERT PEIRCE & ASSOCIATES, P.C.
                                                707 Grant Street
                                                Suite 125
                                                Pittsburgh, PA 15219
                                                Tel: 412-281-7229
                                                Fax: 412-281-4229
                                                Email:    swatkins@peircelaw.com
                                                          arihn@peircelaw.com
                                                          bdaley@peircelaw.com

                                            *Counsel for Plaintiff*